FILED
97 FEB 12 PM 3:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JIMMY G. FOSSETT; et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CV 96-TMP-2798-NE |
| ) | |
| HOME CABLE CONCEPTS OF ) | |
| TENNESSEE, INC., A Tennessee ) | |
| Corporation; et al., ) | |
| ) | |
| Defendants. ) | |



ENTERED

JAN 2 1997

MEMORANDUM OPINION



This cause is before the court on the plaintiffs' opposition to joint notice of removal filed November 4, 1996, which the court will treat as a motion for remand.[1] Although this case was originally assigned to a magistrate judge who heard arguments with respect to the motion, the court has now read and reviewed the briefs and other materials submitted in support of and in opposition to the motion to remand. For the reasons set out below, the motion for remand is due to be granted.[2]

---

[1] Although the motion is not specifically denominated a motion for remand, it does ask the court to "issue an order returning this action to the Circuit Court of Jackson County, Alabama."

[2] In view of the court's conclusion that this action is to be remanded to the Circuit Court of Jackson County, it is not necessary for the court to rule on several of the motions filed by the defendants. The motion to quash service, filed by defendant O'Rourke Brothers on October 31, 1996, and the same defendants' motion to strike discovery requests, as well as the motion to

Introduction

This action was originally filed in the Circuit Court of Jackson County, Alabama, on September 23, 1996, naming as defendants Home Cable Concepts of Tennessee, Inc., American General Finance Center, American General Finance Corporation (Texas), American General Finance Corporation (Indiana), U.S. Gold, and James Wright. The complaint alleged that the plaintiffs purchased a satellite dish system from defendant James Wright on July 16, 1994, who fraudulently represented to them that the total cost of the system was $3,995. In four counts, the complaint alleges that the defendants fraudulently represented the total cost of the satellite system, fraudulently failed to disclose interest charges incurred for financing of the system, conspired to defraud the plaintiffs as described in counts one and two, and breached the contract for the sale of the system.

On October 24, 1996, defendants American General Financial Center, American General Finance Corporation, American General Corporation, O'Rourke Brothers d/b/a U.S. Gold, and Home Cable Concepts of Tennessee, Inc. filed a joint notice of removal

---

strike plaintiffs' discovery requests filed by American General Financial Center, American General Corporation, and American General Financial Corporation (Indiana), filed October 24, 1996, will all be reserved for the state court to consider following remand of this action to it. The motion to dismiss defendants American General Corporation and American General Finance Corporation will be granted without prejudice based on the joint stipulation of dismissal of these two defendants filed by the parties on December 12, 1996.

2

of the action to this court. Defendant James Wright did not join in the notice of removal, presumably because he had not been served with process. Later, following removal, process was issued by this court and defendant Wright was personally served on November 26, 1996. Despite being served, he has filed no answer, motion to dismiss, or other response to the action nor has he indicated a desire to join in the removal.

The remaining defendants argue that the removal of the action to this court was proper on both diversity of citizenship grounds and federal question grounds. At the time of the hearing before the magistrate judge on December 6, 1996, the defendants conceded that the diversity of citizenship argument was unavailing due to the intervening service of process on defendant Wright, a non-diverse defendant. Consequently, the focus of the issue now before the court is federal question jurisdiction.

## Discussion

The authority for removal of actions from state court to the federal district court is found at 28 U.S.C. § 1441, which provides:

> Except as otherwise expressly provided by act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United

3

>States for the district and division embracing
>the place where such action is pending.

Original jurisdiction can rest either upon diversity of citizenship or federal question jurisdiction, when one or more of the plaintiff's claims "arises under" the federal Constitution or laws. *See 28 U.S.C. § 1331.* Since the defendants concede that removal is not proper on the basis of diversity of citizenship following the service on defendant Wright, the question before the court is whether any of the plaintiff's claims "arise under" federal law for purposes of federal question jurisdiction.

A controlling principle that applies to removal of cases on the basis of federal question jurisdiction is the so-called "well pleaded complaint" rule. Under the rule, the plaintiff is the master of his complaint, determining whether he wishes to proceed on the basis exclusively of state law or on federal and state law. By relying exclusively on state law and foregoing any claims that may be grounded on federal law, a plaintiff may preclude the removal of his action from state court to federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed. 2d 318 (1987). A corollary to the well pleaded complaint rule, however, is the "complete preemption" doctrine. The Supreme Court described it as follows:

4

> There does exist, however, an "independent corollary" to the well pleaded complaint rule [citation omitted] known as the "complete preemption" doctrine. On occasion, the court has concluded that the preemptive force of a statute is so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well pleaded complaint rule." *Metropolitan Life Insurance Co. [v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed. 2d 55 (1987)]. Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed. 2d 318, 327-28 (1987); *see also Franchise Tax Board of California v. Construction Laborers Vacation Trust For Southern California,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed. 2d 420 (1983).

Turning to the complaint in this action, it is apparent that none of the claims pled arise under federal law. Applying the well pleaded complaint rule, plaintiffs' complaint alleges simply state law claims for fraudulent misrepresentation, fraudulent suppression, conspiracy, and breach of contract. Defendants argue, however, that the complete preemption doctrine applies because of the claims asserted against defendant American General Finance Center, a state-chartered, FDIC-insured financial institution. They contend that the Depository Institutions Deregulation and Monetary Control Act of 1980, *12 U.S.C. § 1831d* (hereinafter referred to as DIDA) completely preempts the field of state law

5

claims relating to usury and excessive interest charges against state-chartered, FDIC-insured financial institutions. Since counts one and two of the complaint assert that the defendants fraudulently misrepresented the fact that interest would accrue in connection with the purchase agreement and fraudulently failed to disclose the existence of interest charges, defendants argue that DIDA completely preempts counts one and two and therefore establishes a federal jurisdictional basis for removal.

The court is unpersuaded that the complete preemption doctrine applies to this case. At the outset, plaintiffs' claims do not relate to usurious or excessive interest charges, but to fraudulent representations or concealments that occurred during the negotiation leading to a purchase. In simple terms, the plaintiffs allege that they were told that they could purchase a satellite dish system for a <u>total cost</u> of $3,995 which could be paid in installments over a period of time; they were <u>not</u> told that interest, usurious or otherwise, would accrue on the outstanding balance of the debt. Thus, the nature of the plaintiffs' claims relates to misrepresentations made concerning the <u>fact</u> of interest, not the excessiveness of the rate of interest. Nowhere in the complaint do the plaintiffs allege that the <u>rate</u> of interest charged on their debt violates either federal or state law; rather, they complain simply that they were induced to enter into a purchase agreement on the basis of representations and suppression of information concerning whether any interest at all would accrue

6

to their debt. Thus, while it is true that the plaintiffs' complaint relates to interest, it is not within the subject matter of DIDA, which deals with the legal rate of interest that can be charged.

Additionally, the Supreme Court has explained that the complete preemption doctrine arises rarely and only from statutes with an "extraordinary" preemptive force. See *Caterpillar, Inc. v. Williams, supra.* To date, the Supreme Court has applied the complete preemption doctrine only to cases arising under the Labor Management Relations Act of 1947, the Employee Retirement Income Security Act of 1974 (ERISA), and to questions involving Indian lands and treaties. Three factors have been identified as characteristic of those statutes supporting a finding of complete preemption. First, the statute must evidence an express intent by Congress to preempt state law. Second, the federal law must "displace" state law with a federal cause of action; and third, the statute must include comprehensive jurisdictional and enforcement provisions comparable to the Labor Management Relations Act or ERISA. The pertinent provisions of DIDA, *12 U.S.C. §§ 1831d(a) and (b)*, simply do not meet these characteristics. Neither of these statutes set forth an express congressional intent to preempt state causes of action involving state-chartered, FDIC-insured financial institutions. Nothing in § 1831d displaces state law; rather, the section can be read as complimenting state law and relying in part

upon it. Finally, there is no comprehensive jurisdictional or enforcement scheme set out in DIDA comparable to the complex provisions found in ERISA or the LMRA. The court concludes, therefore, that DIDA is not one of those rare statutes with such "extraordinary" preemptive force that it completely preempts the entire field of actions against state-chartered, FDIC-insured financial institutions relating only indirectly to interest charges. Thus, the court finds that the doctrine of "complete preemption" does not support removal in this case.

Alternatively, the court finds that removal is not proper because not all defendants have joined in the removal. Courts generally have construed 28 U.S.C. § 1446 as requiring unanimous consent of all defendants for removal of an action. While not all defendants must join in the notice of removal, all must file a document indicating consent to the removal within 30 days after each respective defendant is served with process or otherwise receives notice of the action. *See Ford v. New United Motors Manufacturing, Inc.,* 857 F.Supp. 707 (N.D. Ca. 1994); *Thompson v. Louisville Ladder Corporation,* 835 F.Supp. 336 (E.D. Tex. 1993). Absent a joinder or consent to the removal by all defendants, even in federal jurisdiction cases, an action is not properly removable.

As indicated earlier, defendant James Wright was served with process in this action on November 26, 1996, <u>after</u> the notice of removal had been filed by the remaining defendants. He had 30

8

days after the service of process upon him in which to evidence his consent to the removal of the case. Absent his consent, the unanimity of defendants required for removal is missing. Because more than 30 days has elapsed since service of process upon defendant Wright and he has not filed any indication with the Clerk of his consent to the removal, the action is due to be remanded due to the failure of all defendants to consent to it.

By a separate order, the court will dismiss without prejudice the claims against American General Corporation (incorrectly named in the complaint as "American General Finance Corporation (Texas)") and American General Finance Corporation based upon the joint stipulation of dismissal. The court will also remand the action with respect to the remaining defendants to the Circuit Court of Jackson County.

DATED this 2nd day of Jan., 1997.

_____
EDWIN L. NELSON
U.S. DISTRICT JUDGE